UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 17-55 |
| JOHNNY TRIPLETT | SECTION "L" |

**ORDER AND REASONS**

The Court has before it a Motion for Sentence Reduction filed by *pro se* Defendant Johnny Triplett. R. Doc. 852. At the Court's direction, the Government filed a response to Defendant's motion. R. Doc. 854. Having considered the briefing, in light of the applicable law and record facts, the Court will DENY Defendant's motion.

I.   **Background and Present Motion**

Defendant pleaded guilty in August, 2021, to a one count Superseding Bill of Information charging him with conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine hydrochloride and 100 grams or more of heroin. R. Doc. 525. In March, 2022, he was sentenced to 151 months incarceration followed by a four-year term of supervised release. R. Doc. 639. Defendant now seeks a reduction of that sentence. R. Doc. 852.

As an initial matter, the Court notes that Defendant's motion is styled as a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(B)(2). Because § 3582(c)(B)(2) does not exist, the Government in its opposition construes Defendant's motion as a motion for compassionate release pursuant to § 3582(c)(1)(A). R. Doc. 854 at 1. However, Defendant appears to press arguments for a reduction in his sentence under both § 3582(c)(1)(A)(i) and § 3582(c)(2). The Court will thus address each section in turn.

## II.     Section 3582(c)(1)(A)(i)

18 U.S.C. § 3582(c)(1)(A)(i) permits the Court to reduce a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction." However, this statute requires the defendant to have "fully exhausted all administrative rights" prior to bringing his motion before a court. 18 U.S.C. § 3582(c)(1)(A). Defendant has attached to his motion the Warden's denial of his request for compassionate release. R. Doc. 852-2. But Defendant raised in that request only one of the arguments Defendant now raises in his motion before the Court. Accordingly, Defendant has not exhausted his administrative remedies as to the remainder of his arguments, and the Court cannot consider them with respect to Defendant's motion for a sentence reduction pursuant to § 3582(c)(1)(A)(i).

As to the remaining argument properly before the Court, Defendant asserts that extraordinary and compelling reasons warrant a reduction in his sentence because "As of November 1, 2025, new amendments went into effect for low-level individuals in high-quantity drug cases. The new cap [sic] are as follows: A cap at offense level 32 for a defendant receive a mitigating role adjustment. A cap at offense level 30 for a defendant who receive a minor role adjustment. If sentenced my base level offense would be 30/32; Not 34." R. Doc. 852-2 at 1. Construing Defendant's motion liberally, Defendant argues that he should have been assigned a mitigating or minor role adjustment with respect to his crime of conviction, and as such that the referenced amendment to the United States Sentencing Guidelines, if applied retroactively, would have lowered his applicable Guidelines sentencing range.

However, Defendant pressed the argument that he should be assigned a mitigating or minor role in the crime in his objections to the Presentence Investigation Report. R. Doc. 595. The Court carefully considered his arguments during Defendant's sentencing hearing and denied them for the

reasons stated on the record. *See* R. Doc. 714 at 3–5. Defendant does not raise any new argument or compelling grounds for this Court to reconsider its determination that Defendant did not warrant the application of a mitigating or minor role adjustment. Accordingly, Defendant fails to present extraordinary or compelling reasons justifying a reduction of his sentence under § 3582(c)(1)(A)(i).

### III.   Section 3582(c)(2)

18 U.S.C. § 3582(c)(2) does not contain an exhaustion requirement and permits the Court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The only argument Defendant raises concerning an amendment to the Sentencing Guidelines is the same addressed *supra*. As the Court has determined, Defendant is not eligible for a mitigating or minor role adjustment. As such, the November 1, 2025, amendment to the guidelines lowering the total offense level for defendants assigned a mitigating or minor role in the crime of conviction is inapplicable to Defendant. Defendant has not shown that he is entitled to a reduction in his sentence under § 3582(c)(2).

### IV.   Conclusion

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Defendant's Motion for Sentence Reduction, R. Doc. 852, is **DENIED**.

New Orleans, Louisiana, this 12th day of January, 2026.

3

_____
United States District Judge